**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

SEP - 9 2020

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | | |
|---|---|---|
| ROMULO RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:20-cv-02303 (UNA) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant the IFP application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff, a resident of the District of Columbia, attempts to bring this action individually and on behalf of his minor child. He sues the District of Columbia for various constitutional violations. His claims are all predicated on his fundamental disagreement with the outcome of certain domestic and child custody matters, adjudicated before the Superior Court of the District of Columbia. He demands monetary damages and reversal of various judgments arising out of these Superior Court matters.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts

that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

Federal district courts lack jurisdiction to review or interfere with judicial decisions by state and District of Columbia courts.  *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995)).  Under 28 U.S.C. § 1331 and 42 U.S.C. § 1983, this court may hear suits alleging that public officials have violated rights secured by the Constitution or federal law.  However, none of plaintiff's allegations implicate constitutional or federal statutory rights.  *See Lassiter v. Department of Social Services*, 452 U.S. 18, 25 (1981) (no constitutional right to counsel in civil actions where plaintiff's personal liberty is not at stake); *see also Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (child custody issues uniquely suited to resolution in local courts). Consequently, there is no factual basis to support federal question jurisdiction.

Second, this court may entertain non-federal claims if the matter involves citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Plaintiff, however, is a citizen of the District of Columbia, and furthermore, the District of Columbia and its attendant agencies are not 'citizens' of any state.  *See Long v. District of Columbia*, 820 F.2d 409, 414 (D.C. Cir. 1987).

Plaintiff has thus failed to establish subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3). As a result, this case is dismissed.  A separate order accompanies this memorandum opinion.

_/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date:  September 9, 2020